UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
Nelly Rodriguez on behalf of herself
and all other similarly situated

                          Plaintiff,

       -against-                                 CLASS ACTION
                                                        COMPLAINT

Professional Claims Bureau, Inc.

                          Defendant.
------------------------------------------------------X

       Plaintiff, by and through her attorney, Martin Druyan, as and for her complaint alleges as follows:

## INTRODUCTION

## JURISDICTION

1.     This is an action for damages brought by individual consumers and on behalf of a class for defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* which prohibits debt collectors from engaging in abusive, deceptive and unfair acts and practices. This action is also brought pursuant to New York General Business Law § 349 ("NYGBL § 349) regarding defendants' deceptive acts and practices.

## PARTIES

2. Plaintiff is a natural person who resides in this District and is a consumer as defined by the FDCPA, § 1692a(3).

3. Professional Claims Bureau, Inc. (Professional) is a corporation doing business in New York State in the Eastern District of New York.

3a. Professional is a corporation incorporated pursuant to the laws of New York State.

3b. Professional is a corporation organized pursuant to the laws of a State other than New York.

## FIRST ACTION

4. Defendant, Professional sent a collection letter dated Jan. 21, 2012 to Plaintiff to collect an alleged debt of $350. due to Mercy Medical Center.

4a. On about March 2012, Defendant, Professional, sent Plaintiff a second collection letter regarding this debt.

5. Prior thereto on or about Oct. 2011 Computer Credit Inc. (CCI) sent a collection letter to Plaintiff to collect this same $350 debt allegedly due Mercy Medical Center.

6. On about Oct. 2011 counsel for Plaintiff wrote a letter to CCI noting attorney representation of Plaintiff, denying and contesting the debt, and requesting proof of the debt owed.

7. CCI wrote a letter dated Nov. 28, 2011, (Exh. A), to Plaintiff counsel, noting Plaintiff's attorney representation, that CCI would not contact Plaintiff/client again about the account, that they would return the file to Mercy Medical Center, and copied Mercy on said letter.

8. Defendant, Professional, by sending Plaintiff the Jan. 2012 and March 2012 letters failed to note, take heed, and comply with the attorney representation letters of Plaintiff in the file returned to Mercy Medical Center which it was obligated to contact Plaintiff's attorney. .

9. These ultimatums are meant to scare plaintiff into acceding to defendant's demand and defendant has no intention to act in accordance with its threats.

10. Further, Defendant does not intend to act on the statements contained in its letter, it will contact its client, it is trying to assist Plaintiff.

11. The March and Jan. 2012 letters are deemed false, deceptive and misleading inasmuch by said statute.

12. Defendant is in violation of the FDCPA, including but not limited to §§1692e, 1692e(10), 1692e(2)(A), 1692e(5), 1692f and 1692f(1).

## AS AND FOR A second CAUSE OF ACTION

13. Plaintiff re-alleges paragraphs 1 to 12 as if fully re-stated herein.

14. Each of the deceptive and misleading acts and practices above mentioned was committed in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NYGBL § 349.

15. Defendant's deceptive and misleading acts and practices were consumer-oriented, in that defendant is a collector of consumer debts incurred principally or wholly by natural persons. On information and belief, defendant mails or caused to be mailed to natural persons within New York State each year thousands of letters similar to the letter attached hereto.

16. The March 2012 letter contained language similar to the language in the Jan 2012 letter sent by Professional to Plaintiff, "if this amount is not resolved we will assume you have no intention of settling this outstanding debt and will notify our client of this." In fact, upon information and belief, Defendant, Professional did not notify the client, Mercy Hospital as the letter states, and again did not realize, learn of or ascertain of Plaintiff's letter to Mercy's other collection agency which acknowledged receipt of same.

17. The 2012 and March 2012 letters of Defendant, Professional, to Plaintiff stated "we are willing to help you resolve this balance in a manner that is acceptable to you." "we are here to help you…" said statements being confusing and illogical in the context of the debt collection letter as stated therein "this is an attempt to collect a debt…information for that purpose. This communication is from a debt collection agency."

17. Defendant's letters were false, deceptive and misleading and represented an unfair and unconscionable way to collect or attempt to collect a debt for the reasons stated herein.

18. Plaintiff suffered damages pursuant to NYGBL § 349(h) as a result of defendant's actions.

19. Defendant is therefore in violation of NYGBL § 349(a) and liable to plaintiff under NYGBL § 349(h).

## CLASS ALLEGATIONS

20. Plaintiff re-alleges paragraphs as if fully re-stated herein.

21. This action is brought on behalf of plaintiff and the members of a class. The class consists of all persons who defendant's records reflect were sent debt collection letters within the United States within the period of time commencing one year before the filing

of this complaint up to and including the date of the filing of the complaint and who were sent a collection letter (a) in substantially the same form as the letters sent to plaintiff dated January 27, 2010 and April 29, 2010; (b) the collection letter was sent to a consumer seeking payment of a consumer debt; (c) the collection letter was not retuned by the postal service as undelivered; and (d) the letter contained violations alleged in the First Cause of Action. The class does not include defendant and any person, firm, trust, corporation or other entity related to or affiliated with defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of defendants.

22. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letter that is the gravamen of this litigation is a mass-mailed form letter, the class is so numerous that joinder of all members is impracticable. Upon information and belief, thousands of persons gave received similar debt collection letters from the defendant which violates the various provisions of the FDCPA.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal questions affecting only individual class members. The principal question presented by this claim is whether defendant violated the FDCPA by sending the improper collection letters.

(C) The only individual issue if the identification of the consumers who received the letters (the class members), a matter capable of ministerial determination from the records of defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained experienced counsel. The plaintiffs' interests are consistent with those of the members of the class.

23. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA in 15 U.S.C.§1692k. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

24. The facts are discovered to be appropriate, the plaintiff will seek to certify a class action pursuant to rule 23(b)(3) of the Federal Rules of Civil Procedure.

25. That communications from debt collectors, such as those sent by the defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

26. As a result of the above violations, defendant is liable to the plaintiff and the members of the class for statutory damages in an amount to be determined at the time of trial, plus costs and attorneys' fees.

WHEREFORE, plaintiff respectfully prays that judgment be entered against the defendant as follows:

(a) certifying a class action pursuant to Federal Rules of Civil Procedure 23;

(b) statutory damages pursuant to 15 U.S.C.§1692k in an amount to be determined at time of trial;

(c) statutory damages pursuant to NYGBL § 349 in an amount to be determined at time of trial;

(d) awarding class members the maximum statutory damages pursuant to 15 U.S.C.1692k;

(e) reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C.1692k and NYGBL § 349(h); and

(f) for such other and further relief as may be just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York

April 2, 2012                                                Martin Druyan & Associates
                                                             Attorneys for the Plaintiff
                                                             450 Seventh Avenue, Suite 704
                                                             New York, NY 10123
                                                             T (212) 279-5577
                                                             F (212) 268-2127